MOORMAN *versus* THE BANK OF ALABAMA.

QUESTION IN THIS CASE.

*What evidence of protest will charge the indorser of a foreign bill.*

1. In an action against the indorser of a foreign bill of exchange, where the protest of it described the name of a *subsequent* indorser thereof, as *Pyron*, when the bill sued on, showed his name to be *Byron*, it was held, (under the facts,) that this was sufficient to charge the prior indorser.

The President and Directors of the Bank of the State of Alabama, issued a notice, directed to Moorman, the plaintiff in error, informing him, that at an ensuing term of the Circuit Court of Tuskaloosa, they would move for judgment against him, as the indorser of a bill of exchange. The bill was for two thousand dollars, and due at four months. It was drawn by Achilles L. Moorman, on a firm, at New Orleans, and was indorsed by W. W. Simpson, Thomas C. Moorman, Wm. Byron, and Daniel M. Riggs, Cashier.

The evidence of protest for the non-payment of the bill, described it as above, with the exception of

3 v. P.                      45

the name of Wm. Byron, which the notary wrote "Wm. Pyron." There was a demurrer to this evidence, which the Court below overruled; and there was a judgment for the bank.

*Mr. Martin* for the plaintiff in error; *Mr. Ellis,* for the defendants.

HITCHCOCK, C. J.—This was an action, brought by the President and Directors of the Bank of the State of Alabama, against Thomas C. Moorman, in the Circuit Court of Tuskaloosa County, as indorser of a bill of exchange, dated at Russellville, in this State, on the 1st December, 1832, payable four months after date, at New Orleans, for two thousand dollars.— The bill is drawn by Achilles L. Moorman, on Messrs Sledge & M'Kernan, in favor of W. W. Simpson, and indorsed by him, the defendant in this action, one Wm. Byron, and by Daniel M. Riggs, cashier of the bank.

The evidence, on the part of the plaintiffs, consists of the bill, a protest, by a notary, in New Orleans, which describes the bill and indorsements, and is, in every particular, identical with this bill, except that the name of *Wm. Pyron,* is given on the back of the protest, instead of *Wm. Byron;* and the evidence of Daniel M. Riggs, the cashier of the bank, who testifies, that "the bill sued on, was purchased by the bank, on the 12th December, 1832; that it was afterwards indorsed by him, as cashier, and forwarded to the Bank of Louisiana, in the City of New Orleans, for collection; and that no other bill, of the same tenor and date, payable at the same place, and signed by the same parties, was purchased by

the bank, during the winter of 1832 and '33. To this testimony the defendant demurred, and the Court gave judgment, on the demurrer, for the bank.

It is admitted, that this is a foreign bill of exchange, and that a protest of it is indispensable, to entitle the plaintiff below to recover of the defendant; and the question is, whether the evidence is sufficient, to show, that it was protested?

The only discrepancy between the bill and the copy, on the protest, is in the name of *Pyron,* on the latter, instead of *Byron,* which is on the bill.

By the testimony of the cashier, it appears that this bill was bought by the bank, and that no other of the same tenor and date, was: that it was forwarded to New Orleans for collection. It is, therefore, a legal inference, in this case, that this protest relates to this bill, and to no other; and, that the notary commited a mistake, in placing the name of Pyron, for Byron, on the protest. That being the case, the Court, on a demurrer to evidence, is bound to infer every fact that a jury might infer.

We think the mistake does not avail the defendant below. He is a prior indorser, having no claim on Byron, and cannot be affected, even if Byron is discharged. If Byron had been a prior party to the defendant, the case might have been otherwise.

It is admitted that the defendant was duly notified of the dishonor of the bill, which is sufficient to put him on his guard, so as to notify the prior parties. There is, therefore, no legal objection to a recovery by the bank.

Let the judgment be affirmed.