## BANK AT DECATUR v. HODGES.

1. The misdescription of the name of an indorser in the certificate appended to the protest certifying that the notice was sent to one Chomason, when the indorser's name was Thomason, is not sufficient to exclude the protest as evidence, the true name appearing in the copy of the bill.

2. A protest describing a bill as dated the 26th January, is not admissible as evidence to show the protest of a bill dated the 28th January.

3. Although protests are excluded from the jury, yet the deposition of the notary is proper, to prove notice sent to the indorsers—but *quere?* whether it is so to prove the fact of protest.

Writ of Error to the County Court of Morgan.

MOTION by the Bank, under the statute to recover from Hodges the amount of a bill of exchange, drawn in this State, on the 28th January, 1841, by F. Hodges & Co. upon Kirkman, Abernathy & Hanna, in New Orleans, payable to J. T. Kimsey, five months after date, and indorsed by him to G. Thomason, and by the latter to the Bank. At the trial of the cause, upon the general issue, the plaintiff offered in evidence a protest for non-acceptance, on the back of which is copied the bill and indorsements; but in the certificate that notices were sent to the drawers and indorsers, it is stated, as we infer from the objection taken in this court, notice was sent to George Chomason, at Moulton, Alabama. The plaintiff also offered in evidence a protest for non-payment of a bill, similar in sum, time of payment, and parties, but differing in its date from the one sued on. In the copy indorsed on the protest, the bill is described as dated the 26th January,

1841. Both protests were excluded, and the defendant afterwards introduced the deposition of the notary public, stating the fact of presentation for acceptance, of the particular bill sued on, its protest, and the manner by which notice was sent to the drawers and indorsers, and stating also the protest for non-payment, at the maturity of the bill. The entire evidence stated was rejected by the court.

The plaintiff excepted, and now assins the rejection as error.

D. C. HUMPHREYS, for the plaintiff in error.

L. P. WALKER, contra.

GOLDTHWAITE, J.—1. The mistake in the protest of the bill for its non-acceptance is not in the description of it, but is in the certificate that notice of the non-acceptance was sent by mail to Chomason, instead of Thomason, if in point of fact the name is not set out precisely the same in the certificate as it is in the copy of the bill. The protest is a matter entirely independent of the certificate, and would be good if the latter was omitted. There was then, no reason to exclude the protest on this ground, and even if the mistake was in the description of the bill itself, the case of Moorman v. The Bank, 3 Porter, 353, seems to hold such a variance immaterial when the suit is against an indorser prior in liability to the one whose name is mistaken.

2. The mistake in the protest for non-payment, is in describing the date as the 26th instead of the 28th of January. We are not aware that parol proof is admissible to show a mistake in the protest. That is a formal document, essential to maintain the action against the drawers or indorsers of a foreign bill, and it is said should correspond *verbatim* in description with the bill. [Story on Bills, § 276.] But the drawing up or extending of the protest is the mere official act of the notary, which he may peform after the noting is actually made. He, upon presenting the bill, usually *notes* upon its face, or margin, the fact of demand, &c. and afterwards extends it in proper form. [Chalus v. Bell, 4 Esp. 48 ; Chitty on Bills, 499.]

When, therefore, a mistake is make in extending the nota-

rial act, he may at any time afterwards correct it.    It is not the extension of the protest, but the fact that it is so protested, which is the essential matter.

In reference to the protest for non-payment the court correctly excluded it, for the variance in the bill there described from that in suit.

3.  The deposition of the  notary was improperly rejected, because his evidence was proper  to establish the sending of notice to the parties liable on the  bill in  default of  non-acceptance or non-payment.    It is said that the  fact of protest cannot be proved independent of the notarial act, but as to this  latter  point we express no opinion.    [Story on Bills, §  276.]

 Judgment reversed and remanded.